# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>                           Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>                           Respondents. | Case No.:  20cv0746 CAB (RBM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

     Petitioner, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California on April 3, 2020. (ECF No. 1.) The case was transferred to this Court on April 20, 2020. (ECF No. 4). On April 28, 2020, the Court dismissed the action without prejudice and with leave to amend. (ECF No. 6). Petitioner was given until July 3, 2020, to either pay the $5.00 filing fee or move to proceed in forma pauperis and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's April 28, 2020 Order. *Id.* On June 19, 2020, Petitioner filed a First Amended Petition ("FAP") and a motion to proceed in forma pauperis. (ECF Nos. 7-8.)

/ / /

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has submitted a trust account statement with his motion to proceed in forma pauperis which reflects that he has no funds in his trust account at the facility in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the FAP, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims his First, Fifth, Eighth and Fourteenth Amendment rights are being violated by prison officials. (FAP., ECF No. 7 at 6-9.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of Petitioner's confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500; *Nettles*, 830 F.3d at 935. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935. Petitioner / / /

challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

## CONCLUSION

The Court GRANTS Petitioner's motion to proceed in forma pauperis and DISMISSES this case without prejudice and with leave to amend. If Petitioner wishes to challenge the validity of his criminal conviction and proceed with this case he must, no later than October 18, 2020, file a Second Amended Petition that cures the pleading deficiencies outlined in this Order. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new case number. ***The Clerk of Court is directed to mail Petitioner a Pro Se Prisoner Forms Packet together with a copy of this Order.***

IT IS SO ORDERED.

Dated:  August 13, 2020

Hon. Cathy Ann Bencivengo
United States District Judge