# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>                                  Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                                  Respondent. | Case No.: 20cv746-CAB-RBM<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY [Doc. No. 15]** |

      Petitioner, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California on April 3, 2020. [Doc. No. 1.] The case was transferred to this Court on April 20, 2020. [Doc. No. 4.] On April 28, 2020, the Court dismissed the action without prejudice and with leave to amend because Petitioner had failed to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis, failed to name the proper respondent, and failed to allege exhaustion of his state judicial remedies. [Doc. No. 6.] Petitioner was given until July 3, 2020, to either pay the $5.00 filing fee or move to proceed in forma pauperis and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's April 28, 2020 Order. *Id*.

On June 19, 2020, Petitioner filed a First Amended Petition ("FAP") and a motion to proceed in forma pauperis. [Doc. Nos. 7-8.] The Court granted Petitioner's motion to proceed in forma pauperis on August 13, 2020 and dismissed the case without prejudice and with leave to amend because Petitioner was seeking to challenge the conditions of his confinement and not the fact or length of his incarceration. [Doc. No. 9.] Petitioner was told that if he wished to challenge his state court conviction, he must file a Second Amended Petition no later than October 18, 2020, and if he wished to challenge the conditions of his confinement, he must file a civil rights complaint pursuant to 42 U.S.C. § 1983 which would be given a new case number. *Id.* On October 9, 2020, Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 but put case no. 20cv0746 CAB (RBM) on the document. [Doc. No. 10.] The document was then filed in error in this case. Accordingly, on October 19, 2020, the Court directed the Clerk of Court to file Petitioner's complaint [Doc. No. 10] as a new civil rights case pursuant to 42 U.S.C. § 1983 and to close this case. [Doc. No. 11.][1]

On December 14, 2020, Petitioner filed a notice of appeal. [Doc. No. 13.] On December 17, 2020, the Ninth Circuit issued an order remanding the matter to the District Court for the limited purpose of granting or denying a certificate of appealability. [Doc. No. 15.]

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th

---

[1] Petitioner's civil rights complaint [Doc. No. 10] was then filed as a new case in this court, case no. 20cv2056-TWR-BLM.

Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Here, Petitioner has not made a "substantial showing" as to any of the claims raised by his Petition, as Petitioner confirmed that he is challenging the conditions of his confinement, and he has submitted a civil rights complaint which has been filed under a new case number. Therefore, the application for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 17, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge